## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION


DONZEL WATSON                         ]
    Plaintiff,                       ]
                                     ]
v.                                   ]    No. 3:12-0961
                                     ]    Judge Trauger
DAVIDSON COUNTY SHERIFF'S             ]
DEPARTMENT, et al.                    ]
    Defendants.                      ]


## M E M O R A N D U M


The plaintiff, proceeding *pro se*, is an inmate at the Davidson County Criminal Justice Center in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against the Davidson County Sheriff's Department and Correct Care Solutions, a contract provider of medical services at the Criminal Justice Center, seeking damages.

The plaintiff injured his back in 1993. He complains that medical personnel at the Criminal Justice Center "constantly refused to treat my pain with anything other than two days of Tylenol, which I told them didn't help me at all. I've also asked to see a Dr. and to be given X-rays because of the constant pain I'm in, and I've been refused both." Docket Entry No.1 at pg.3.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that a person or persons, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451

U.S. 527, 535 (1981).

A county sheriff's department is not a person that can be sued under 42 U.S.C. § 1983. <u>Petty v. County of Franklin, Ohio</u>, 478 F.3d 341, 347 (6th Cir. 2007), *see also* <u>Matthews v. Jones</u>, 35 F.3d 1046, 1049 (6th Cir. 1994). Of course, giving this *pro se* pleading a liberal construction, the Court could construe the complaint as an attempt to state a claim against Davidson County, the municipal entity responsible for the operation of the Criminal Justice Center. However, for Davidson County to be liable, the plaintiff would have to allege and prove that his constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the county. <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 689-690 (1978). No such allegation appears in the complaint. Therefore, the plaintiff has failed to state a claim against either Davidson County or the Davidson County Sheriff's Department for § 1983 relief.

The plaintiff is also bringing suit against Correct Care Solutions, the company that provides medical services for the Criminal Justice Center.

The plaintiff can not sue a defendant solely because of its status as the employer of an alleged tortfeasor. 42 U.S.C. § 1983 will not support a claim posed on a respondeat superior theory of liability. <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981). Where there is no allegation of participation, either directly or indirectly, by an employer in an allegedly wrongful act, the

complaint fails to state a cause of action upon which relief can be granted. *See* <u>Dunn v. Tennessee</u>, 697 F.2d 121, 128 (6th Cir.1982), *cert. denied*, 460 U.S. 1086 (1983).

In this instance, there have been no factual allegations offered suggesting that the plaintiff was denied medical care pursuant to a policy or instructions from Correct Care Solutions. Personal liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others." <u>Gibson v. Matthews</u>, 926 F.2d 532, 535 (6th Cir.1991). Consequently, the plaintiff has failed to state a claim against this defendant as well.

When a prisoner, proceeding in forma pauperis, as is the case here, fails to state a claim upon which relief can be granted, the Court is obliged to dismiss the action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.


_____
Aleta A. Trauger
United States District Judge